# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**JOANN PIAZZA**,

      Plaintiff,

v.   Case No: 8:21-cv-835-WFJ-CPT

**TARGET CORPORATION**,

      Defendant.

_____/

## ORDER

Before the Court is Plaintiff Joan Piazza's motion to exclude the testimony of Defendant Target Corporation's expert Robin J. Davies (Dkt. 34). Target has filed a response in opposition (Dkt. 37) and Ms. Piazza has not replied. Upon careful review, the Court denies Ms. Piazza's motion.

## LEGAL STANDARD

"*Daubert* requires that trial courts act as 'gatekeepers' to ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). In carrying out this role pursuant to Federal Rule of Evidence 702, trial courts consider whether:

(1) the expert is qualified to testify competently regarding the matters

he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citations omitted). Still, "[t]he inquiry envisioned by Rule 702 is . . . a flexible one," *Daubert*, 509 U.S. at 595, and courts should not elevate themselves "to the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witness's soul—separating the saved from the damned[,]" *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1321 (11th Cir. 1999) (citations and internal quotations omitted). For, "[s]uch an inquiry would inexorably lead to evaluating witness credibility and weight of the evidence, the ageless role of the jury." *Id.*

## DISCUSSION

"[T]he only argument advanced under [Ms. Piazza's] *Daubert* challenge is that [Ms. Davies'] opinions are speculative or unreliable as being nowhere near the area of [Ms. Piazza's] fall when [Ms. Davies] absolutely knew of the area and chose not to test near [it]." Dkt. 34 at 9. According to Ms. Piazza, Ms. Davies tested an area "more than 10 feet" away from her actual fall. *Id.* at 10. Thus, Ms. Davies' methodology is unreliable. *Id.*

The Eleventh Circuit has identified several factors which should be considered in ascertaining reliability under the second *Daubert* prong: "(1) whether

the expert's methodology can be tested; (2) whether the expert's scientific technique has been subjected to peer review and publication; (3) whether the method has a known rate of error; [and] (4) whether the technique is generally accepted by the scientific community." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005) (citation omitted). Because Ms. Piazza acknowledges that courts regularly allow expert opinions based on tribometer testing,[1] there is no dispute concerning Ms. Davies' general satisfaction of these traditional reliability factors. Dkt. 34 at 8.

Notwithstanding, the Eleventh Circuit has made clear that "these factors do not exhaust the universe of considerations that may bear on the reliability of a given expert opinion, and a federal court should consider any additional factors that may advance its Rule 702 analysis." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois*

---

[1] Ms. Davies utilized an English XL Variable Incidence Tribometer. Dkt. 28-8 at 7. XL tribometers are tools that "mimic[] significant biomechanical parameters of the human walking gait" in order to "measure the slip resistance of particular walking surfaces." *Darby v. Carnival Corp.*, No. 19-21219-CIV, 2021 WL 6428039, at *9 (S.D. Fla. Nov. 23, 2021), *adopted by*, No. 19-21219-CIV, 2022 WL 112193 (S.D. Fla. Jan. 12, 2022). Furthermore, they are commonly relied on by experts in slip and fall cases all over the United States. *See Kessler v. NCL (Bahamas) Ltd.*, No. 1:19-CV-20583, 2019 WL 8128483, at *4 (S.D. Fla. Dec. 20, 2019) (allowing expert opinion based on tribometer results); *Zarfaty v. Garden Fresh Rest. Corp.*, No. 15-CV-60268, 2019 WL 8810306, at *4 (S.D. Fla. Oct. 30, 2019) (allowing expert opinion challenging tribometer results); *Michaels v. Taco Bell Corp.*, No. CIV. 10-1051-AC, 2012 WL 4507953, at *8 (D. Or. Sept. 27, 2012) (allowing expert opinion based on tribometer results); *Fullerlove v. Menard Inc.*, No. 4:15-CV-4207-SLD-JEH, 2017 WL 1430605, at *2 (C.D. Ill. Apr. 20, 2017) (relying on tribometer results in granting summary judgment); *Barnes v. Malinak*, 320 F.R.D. 130, 139 (E.D. Tenn. 2017) (allowing expert opinions based on tribometer results); *Pearson v. Wal-Mart Stores, Inc.*, No. 2:17-CV-144-KS-MTP, 2019 WL 2373201, at *7 (S.D. Miss. June 5, 2019) (same).

*UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). Here, the force of Ms. Piazza's challenge depends on whether a material striping distinction exists between the location of Ms. Davies' testing and the location of Ms. Piazza's fall in the crosswalk. There is, however, no evidence that conclusively demonstrates the exact location of Ms. Piazza's fall. It follows that the driving reliability consideration in the instant case is whether Ms. Davies' methodology properly controls for possible differentiation in striping throughout the crosswalk.

The Court finds that it does. After walking around the center of the crosswalk area where she generally understood the fall to have occurred, Ms. Davies "documented representative conditions and got a feel for [the walkway]." Dkt. 34-3 at 50. Ms. Davies then picked four test locations "slightly off to the side of the crosswalk," *id.*, "in order to determine the affect of the painted striping on the asphalt drive path surface[,]" Dkt. 28-8 at 7. These locations included "an area with fully intact striping, an area that exhibited minor wear, an[] area that exhibited more significant wear, and an area of asphalt where no striping had been applied." *Id.* In so doing, Ms. Davies produced a specific "average slip resistance" value for each level of striping under both wet and dry conditions. *Id.*

Ms. Piazza fails to support any argument that, of these eight slip resistance values, none substantially represents the slip resistance of the stripe upon which Ms. Piazza claims to have fallen. The scope of Ms. Davies' testing, moreover,

inherently suggests the opposite. The Court therefore finds that Ms. Davies' opinions constitute evidence of "substantial similarity," *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1284 (11th Cir. 2015), and that any potential flaws in Ms. Davies' methodology are immaterial. *See generally* Demarzo *v. Healthcare Tr. of Am., Inc.*, 565 F. Supp. 3d 1253, 1257–58 (S.D. Fla. 2021) (finding that an expert's failure to conduct a coefficient of friction test "may pose grounds for cross-examination but does not call the reliability of his methodology into doubt" when he performed a magnified visual inspection and conducted porosity testing of the subject asphalt); *see also Sorrels,* 796 F.3d 1275 at 85 (11th Cir. 2015) (finding that an expert's substantial delay in conducting a coefficient of friction test "normally goes to weight and not to admissibility"); *Sparks v. Gilley Trucking Co.*, 992 F.2d 50, 54 (4th Cir. 1993) (finding that an expert's failure to conduct a "proper coefficients of friction test" did not bar him from giving opinions on vehicle speed because "whether he properly performed a test goes more to the weight to be attached to his opinion than to its admissibility"); *Buscaglia v. United States,* 25 F.3d 530, 533–34 (7th Cir. 1994) (finding that an expert's coefficient of friction testing performed on tile from replacement stock rather than original tile went to weight and not admissibility).

For these reasons—and because the Court also finds that Ms. Davies is a qualified expert whose opinions will assist the trier of fact—the Court denies Ms. Piazza's motion to exclude Ms. Davies' opinions and testimony.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff Joan Piazza's motion to exclude the testimony of Robin J. Davies (Dkt. 34) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on November 14, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record